IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,          :

    Plaintiff,                    :

  v.                                 :     Case No. 2:07-cr-0216

Stanley L. Thornton,               :     JUDGE SARGUS

    Defendant.                    :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a detention hearing on December 21, 2007. At the conclusion of the hearing, the Court ordered the defendant detained pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was indicted in this Court on November 1, 2007. The indictment charges him with two counts of unlawfully possessing a firearm (Mr. Thornton has prior felony convictions) and three counts of the possession of narcotics with intent to distribute them. The latter three charges carry with them a presumption of detention which is evaluated under the following legal standard.

    <u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer

>finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The Pretrial Services Report provides additional information about the defendant.  He is a life-long resident of Columbus, Ohio and currently resides with his grandmother.  He has not had any verifiable employment for several years and has spent some of the last several years in jail.  He is currently on probation in Franklin County, Ohio, a sentence which resulted from a possession of cocaine conviction in 2006.  His probation officer described his adjustment as poor, noting that although he does report as directed, he has not obtained employment, has tested positive for drug use, and has not successfully concluded substance abuse treatment.  His criminal record includes not only the 2006 felony drug conviction but a 2003 conviction for attempted carrying of a concealed weapon, and 1991 convictions for carrying a concealed weapon (two separate charges), felony

drug abuse, and robbery.  He was sentenced to a jail term on the robbery conviction but his sentence was suspended and he was granted shock probation.  His probation was subsequently revoked, he was paroled, and then declared a parole violator.  He also failed to appear for trial, for arraignment, for a plea hearing, or for a revocation hearing at least five times in the past.  Additionally, as the indictment alleges, there is probable cause to believe that even with his lengthy criminal record and felony convictions, he continues to possess firearms.  Lastly, he tested positive for cocaine earlier in December, 2007, and his substance abuse treatment was unsuccessfully terminated as a result of that test.

There is little information in this case to rebut the presumption of detention created by the charges against Mr. Thornton.  This is a case which involves both narcotics and weapons, Mr. Thornton has a lengthy history of both criminal convictions and unsuccessful efforts at supervision by way of parole or probation, and he has failed to appear in court on a number of occasions.  He also has a poor employment history.  His life-long residence in Columbus is simply insufficient to overcome the presumption that he is both a risk of flight and a danger to the community and that there are no conditions of release which could be established to guard against either of those risks.  Consequently, the Court directed that he be detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge